# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

REV. PRESTON L. SCARBROUGH, :
et al.,
: 
    Plaintiff :
vs.                                                         CA 21-0262-TFM-MU
:
CITY OF PRICHARD,
:
    Defendant.

## REPORT AND RECOMMENDATION

This *pro se* action filed by Rev. Preston L. Scarbrough[1] has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Rev. Preston L. Scarbrough's failure to prosecute and fully comply with the Court's order dated and entered June 29, 2021 (Doc. 7).

## PROCEDURAL BACKGROUND AND FACTS

On June 1, 2021, Plaintiff Rev. Preston L. Scarbrough filed a one-page handwritten complaint (which he entitled an "Information") on his behalf, and apparently

---

[1] Plaintiff House of Prayer Tabernacle B.C. cannot proceed *pro se* (*see* Doc. 10, PageID. 60-61) and because counsel has not made an appearance for the Church (*see* Docket Sheet), as previously ordered (*see* Doc. 10, PageID. 61 (ordering the Church to obtain counsel not later than August 2, 2021)), the House of Prayer Tabernacle B.C. should be **DISMISSED WITHOUT PREJUDICE** due to its failure to comply with the Court's Order dated and entered on July 1, 2021 (*see* Doc. 10, PageID. 62 ("Failure to comply with this order within the prescribed time will result in the dismissal of the House of Prayer Tabernacle B.C. as a Plaintiff to this action for failure to prosecute and to follow the Court's order.")).

on behalf of the House of Prayer Tabernacle B.C., against the City of Prichard (*see* Doc. 1). In addition to that document, Plaintiffs filed a "short form" motion to proceed without prepayment of fees and costs. (Doc. 2). By Order dated and entered on June 3, 2021, the undersigned denied Rev. Scarbrough's IFP motion and ordered payment of the filing fee or completion of this Court's form *in forma pauperis* motion. (Doc. 3, PageID. 18). Scarbrough timely responded to this Order, filing this Court's form IFP motion on June 9, 2021, same reflecting Scarbrough's individual assets, debts and obligations. (*See* Doc. 5). By Order dated and entered on June 24, 2021, the undersigned granted Rev. Scarbrough's motion to proceed without prepayment of fees (*see* Doc. 6)[2] but also parenthetically noted that if he intended the House of Prayer Tabernacle B.C. to be an additional Plaintiff, he needed to establish the financial inability of the church to pay the filing fee (*see id.,* PageID. 37 n.1).

      Screening of Rev. Scarbrough's complaint led to the undersigned's entry of an order on June 29, 2021, instructing Plaintiff to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure (not later than July 30, 2021). (*See* Doc. 7, PageID. 39). The Court explained to Plaintiff in detail the three requirements of Rule 8(a)—that is, a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing he is entitled to relief, and a demand for relief sought (*see id.,* PageID. 40)—and how his initial complaint had run afoul of each of the Rule 8(a) requirements or otherwise did not make these matters crystal clear (*see id.,* PageID. 40-47). Scarbrough was specifically

---

[2]     The undersigned ordered the Clerk's Office to withhold service of Rev. Scarbrough's complaint pending screening under 28 U.S.C. § 1915(e)(2)(B). (*See id.,* PageID. 37-38).

warned that any "[f]ailure to comply with this order within the prescribed time or to notify the Court of an address change will result in the dismissal of this action for failure to prosecute and to follow the Court's order." (*Id.*, PageID. 47; *see also id.* ("The failure to plead an amended complaint that complies with Rule 8(a) and the directives above, after being required to replead a complaint, will result in this action's Rule 41(b) dismissal for failure to comply with the Court's order.")).

On the same date that the Court entered that order (that is, June 29, 2021), Rev. Scarbrough completed a motion to proceed without prepayment of fees on behalf of the House of Prayer Tabernacle B.C. (*See* Doc. 8). By Order dated and entered on July 1, 2021, the undersigned explained that because it was his "belief that Rev. Scarbrough did not, in fact, intend for the House of Prayer Tabernacle B.C. to be a Plaintiff to this action (*see* Doc. 6, PageID. 37 n.1), the Magistrate Judge overlooked the fundamental precept that '[o]nly natural persons may appear *pro* se[]' in this Court. S.D. Ala. GenLR 83.2." (Doc. 10, PageID. 60). In this Order, the undersigned found the local rule "consistent with the manner in which federal courts have read 28 U.S.C. § 1654" (Doc. 10, PageID. 60-61) and, as a result, struck the motion to proceed without prepayment of fees filed by Rev. Scarbrough on behalf of the House of Prayer Tabernacle B.C., on the basis that the "Church is an artificial entity, not a natural person, and, therefore, cannot proceed in this Court *pro se*." (*Id.*, PageID. 61). The Church was instructed to obtain counsel not later than August 2, 2021 and Rev. Scarbrough was informed that he could not proceed as counsel for the Church because he is not a licensed attorney. (*Id.*, PageID. 61-62). Finally, the Court informed the Church that its "[f]ailure to comply with this order within the prescribed time will result in the dismissal of the House of Prayer

Tabernacle as a Plaintiff in this action for failure to prosecute and to follow the Court's order." (*Id.,* PageID. 62).

To date, counsel has not appeared to represent the Church and the Church has not otherwise responded to the Order dated and entered on July 1, 2021. (*Compare* Docket Sheet *with* Doc. 10). In addition, Rev. Scarbrough has not filed an amended complaint that complies with Rule 8(a), and it does not appear that Rev. Scarbrough intended to file anything in this Court in response to the Order dated and entered on June 29, 2021. (*Compare* Docs. 12-13 *with* Doc. 7). To be sure, the undersigned's office instructed the Clerk's Office to docket as Plaintiff's Amended Complaint a document (entitled "Article 6 Civil Rights Counter Suit 18 USC 241, 242[,] 245, 246, 247 42 USC 1983 1985 198[6]") it received from the Circuit Court of Mobile County on July 29, 2021, a document received by the state court on July 26, 2021 (*see* Doc. 12, PageID. 64-68); however, having reviewed this document (*id.,* PageID. 64), it appears to the undersigned that Scarbrough intended it to be filed in the Circuit Court of Mobile County Alabama given that it contains the name of that court, as well as the style and case number of the action that appears to be pending in the state court[3] (*see id.*).[4] Therefore, this Court could find that Scarbrough has not complied at all with the order

---

[3]  In the very likely event that Rev. Scarbrough intended to file this pleading in the Circuit Court of Mobile County Alabama, he is simply advised to re-file it in that court without any attachments generated in this federal case.

[4]  It appears to the undersigned that the Mobile County Circuit Court transferred this pleading (Doc. 12), as well as his "Certification to the United States Attorney General" (Doc. 13, PageID. 70-78), to this Court (*see* Doc. 12, PageID. 69; Doc. 13, PageID. 79), because the Certification contains his federal case number (*see* Doc. 13, PageID. 70), and because Scarbrough attached to the pleading which the undersigned believes was intended for the Circuit Court of Mobile County his original complaint in this Court (*see* Doc. 12, PageID. 66) and a copy of one of the undersigned's orders (*see id.,* PageID. 67-68).

dated and entered on June 29, 2021. At the very least, however, even if this Court continues to construe the pleading docketed (Doc. 12) as Scarbrough's amended complaint, it remains clear that Plaintiff's action must be dismissed due to Scarbrough's failure to comply fully with the Order dated and entered on June 29, 2021.

## CONCLUSIONS OF LAW

An action may be dismissed if a plaintiff fails to prosecute it or if he (or it) fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). In addition, the failure to plead an amended complaint that complies with Rule 8(a)e, after being required to replead a complaint, will result in this action's Rule 41(b) dismissal for failure to comply with the Court's order. *Pelletier v. Zweifel,* 921 F.2d 1465, 1522 n.103 (11th Cir. 1991), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008); *see also Birdette v. Saxon Mortgage,* 502 Fed.Appx. 839, 840-41 (11th Cir. Dec. 20, 2012), *cert. dismissed,* 568 U.S. 1225, 133 S.Ct. 1597, 185 L.Ed.2d 572 (2013).

The House of Prayer Tabernacle B.C. has not responded to the Court's Order dated and entered on July 1, 2021, instructing it to obtain counsel by August 2, 2021; counsel has not appeared for the Church and the Church has not requested additional time to retain counsel. (*Compare* Docket Sheet *with* Doc. 10). Therefore, it is **RECOMMENDED** that the House of Prayer Tabernacle B.C. be **DISMISSED WITHOUT PREJUDICE** as a Plaintiff to this action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and to follow the Court's order dated and entered July 1, 2021.

As well, Rev. Scarbrough has at the very least, not fully complied with the Order dated and entered on June 29, 2021, instructing him to file an amended complaint in compliance with Rule 8(a) by not later than July 30, 2021. (*Compare* Doc. 12[5] *with* Doc. 7). In other words, even if this Court considers the pleading sent to it by the Circuit Court of Mobile County (Doc. 12, PageID. 64)[6] as Plaintiff's Amended Complaint, Rev. Scarbrough still remains in non-compliance with the Order dated and entered on June 29, 2021 (Doc. 7), because this "amended pleading" does not contain an appropriate

---

[5] The Certification to the United States Attorney General (Doc. 13) simply has no import with respect to this case because Attorney General Merrick Garland is not a party to this case (*compare id. with* Docs. 1-12). While Rev. Scarbrough can send anything he wants to the Attorney General of the United States, as it appears he has done (*see* Doc. 13, PageID. 70), this Court will not further address this Certification, nor will the Certification be forwarded to the United States Attorney in the Southern District of Alabama.

[6] The "body" of this pleading reads as follows: "According to Pre-trial order Rule 19 interrogatories NO 21 asked do I contend that I have a cause of action right to report to the magistrate any secret crime (Abamare) under 5 U.S.C.A. 552(a) Privacy, 18 U.S.C. 1621 et seq. Perjury, 18 U.S.C.A. 1341, 1342 et seq. mail fraud, and etc. (Jurisdiction is conceded under Article 3 case U.S. Constitution)." (Doc. 12, PageID. 64).

jurisdictional statement,[7] does not make a proper demand for relief sought,[8] and it does not state a plausible claim for relief against the City of Prichard (*compare* Doc. 12, PageID. 64 *with* Doc. 7, PageID. 42-46).[9] Therefore, it is **FURTHER RECOMMENDED** that Rev. Scarbrough's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by fully complying with this Court's lawful order dated and entered on June 29, 2021.

## CONCLUSION

In light of the foregoing, it is **RECOMMENDED** that the House of Prayer Tabernacle B.C. be **DISMISSED WITHOUT PREJUDICE** as a Plaintiff to this action,

---

[7] In other words, Scarbrough does not specifically invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C.§ 1332 (diversity jurisdiction). (*See* Doc. 12, PageID. 64).

[8] There is no demand for relief sought. (*See* Doc. 12, PageID. 64).

[9] For instance, Plaintiff sets forth absolutely no facts in this pleading (Doc. 12, PageID. 64) and, therefore, "without factual content, there is no facial plausibility to any claim Plaintiff might have." (Doc. 7, PageID. 45). And since the undersigned has already informed Rev. Scarbrough that criminal statutes do not provide him with a private right of action (*see* Doc. 7, PageID. 45), his continued reference to 18 U.S.C. § 1621 is specious. *Compare, e.g., Faulkner v. Ingram,* 2017 WL 3530157, *9 (M.D. Ala. July 11, 2017) ("Although perjury is a criminal offense under federal law, *see* 18 U.S.C. § 1621, 'there is no federal civil remedy for perjury.'"), *report and recommendation adopted,* 2017 WL 3530153 (M.D. Ala. Aug. 16, 2017), *with Zajac v. Clark,* 2015 WL 179333, *8 (M.D. Fla. Jan. 14, 2015) (recognizing that 18 U.S.C. §§ 1001, 1621, 1622, and 1623 are criminal statutes that do not provide a litigant with a private right of action); *accord Hopkins v. Rich,* 2015 WL 1400837, *7 (S.D. Ala. Mar. 26, 2015) ("Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a criminal statute."). Moreover, his conclusory reference to 18 U.S.C. §§ 1341 and 1342 is of no assistance because these statutes are additional criminal statutes that do not create a private right of action. *Compare American Gen. Life & Acc. Ins. Co. v. Ward,* 509 F.Supp.2d 1324, 1335 (N.D.Ga. 2007) (holding that mail and wire fraud claims under 18 U.S.C. §§ 1341 and 1342 "do not, in and of themselves, create a private right of action" as these statutes are "'purely penal'") *with McColligan v. Vendor Resource Management,* 2019 WL 1051188, *6 (M.D. Ga. Mar. 5, 2019) (holding that "§ 1342, a criminal statute, does not create a private right of action.") and *Marfut v. City of North Port, Florida,* 2009 WL 790111, *1 (M.D. Fla. Mar. 25, 2009) (holding § 1341 is a criminal statute that does not provide a private right of action).

pursuant to Fed.R.Civ.P. 41(b), due to its failure to prosecute and to follow the Court's order dated and entered July 1, 2021. It is **FURTHER RECOMMENDED** that Rev. Scarbrough's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by fully complying with this Court's lawful order dated and entered on June 29, 2021.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

the Magistrate Judge is not specific.

**DONE** this the 6th day of August, 2021.

                                                s/P. Bradley Murray
                                    **UNITED STATES MAGISTRATE JUDGE**