IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REV. PRESTON L. SCARBROUGH, *et al.*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIV. ACT. NO. 1:21-cv-262-TFM-MU |
| CITY OF PRICHARD, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On August 6, 2021, the Magistrate Judge entered a report and recommendation which recommends the claims in this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to obey court orders.  *See* Doc. 14.  Plaintiff filed objections and an Americans with Disabilities Form.  *See* Docs. 15, 16.

In reviewing Plaintiff's objections, he begins with "[t]he matter before the court is a criminal action, not a civil action."  *See* Doc. 16 at 1.  He spends the rest of the objection discussing the case in the context of a criminal prosecution.  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n. 13, 125 S. Ct. 2796, 2809 n. 13, 162 L.Ed.2d 658 (2005) (quoting *Linda R. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed.2d 536 (1973)); *Leeke v. Timmerman*, 454 U.S. 83, 85-86, 102 S. Ct. 69, 70, 70 L.Ed.2d 65 (1981); *see also Morales v. United States Dist. Court*, 580 F. App'x 881, 887 (11th Cir. 2014) ("a private citizen's interest in the U.S. Attorney's criminal prosecution of another person is not a judicially cognizable interest for standing purposes"); *Davit v. Davit*, 173 F. App'x 515, 518 (7th Cir. 2006) ("A private

individual does not have standing to demand the criminal prosecution of another individual, let alone standing to prosecute the individual himself."). Therefore, to the extent Plaintiff is attempting to circumvent the recommendation by claiming this is a criminal case, the objection fails. Moreover, his attempt to couch this as a criminal case in order to receive the appointment of counsel, that also fails.

As a general rule, there is no entitlement to appointed counsel in a civil rights case. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Dean*, 951 F.2d at 1216. The Court cannot find that such circumstances exist here based upon the matters presented. As such, the request for counsel presented in the Americans with Disabilities Form and the Objections is **DENIED**.

Turning to the substance of the recommendation, Plaintiff primarily ignores the reasoning behind the Magistrate Judge's analysis. Specifically, that House of Prayer Tabernacle B.C. cannot proceed without counsel. While Scarbrough does request counsel in his recent objections, the Court will not appoint counsel simply because he ignored the Court's prior instructions to get one and now faces the dismissal of his action.

28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct causes therein." There is nothing in § 1654 or Fed. R. Civ. P. 17(c) that permits anyone to proceed pro se on behalf of the entities. The Eleventh Circuit has held on several occasions 28 U.S.C. § 1654 prohibits a non-lawyer from representing another entity such as a corporation, trust, or estate. *See, e.g., Nat'l Indep. Theatre Exhibitors, Inc. v. Buena*

*Vista Distrib. Co.*, 748 F.2d 602, 609 (11th 1984); *Kell v. Smith*, 743 F. App'x 292, 295 (11th Cir. 2018); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012). House of Prayer Tabernacle B.C. is a church and therefore cannot proceed *pro se*, nor can Reverend Preston Scarbrough represent the church's interests because he is not a lawyer. The Magistrate Judge warned Plaintiff of this issue and still Plaintiff did not obtain counsel. *See* Doc. 10.

Next, the Magistrate Judge also provided the opportunity for Scarbrough to file an amended complaint in accordance with the federal and local rules. *See* Doc. 7. In the order, the Magistrate Judge was extremely specific in what would be required to comply with Fed. R. Civ. P. 8. The Magistrate Judge also warned that failure to comply could result in the dismissal of this action. Yet a review of the amended complaint submitted by Plaintiff (Doc. 12) clearly establishes that he ignored the Court's order to his peril.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court and Plaintiff's objections are **OVERRULED**.  This action is **DISMISSED without prejudice** for failure to obey the Court's orders.

**DONE** and **ORDERED** this 12th day of October, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE